UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
                Plaintiff,

   -vs-                                        Case No.  15-20652
                                               Hon. George Caram Steeh
EUGENE FISHER
                Defendant
_____.

### EUGENE FISHER'S NOTICE OF JOINDER/CONCURRENCE IN DEFENDANT COREY BAILEY'S MOTION FOR JUDGMENT OF ACQUITTAL

NOW COMES Defendant, EUGENE FISHER, by and through his counsel, Henry M. Scharg, and hereby joins in Defendant Corey Bailey's Motion for Judgment of Acquital (Docket No.1147), for all the reasons and authority contained in said motion and supporting brief.  In addition, Defendant Fisher supplements the Statement of Facts below.

Defendant FISHER moves for a judgment of acquittal on Count One: RICO Conspiracy; Count Twenty-Five: Attempted Murder in Aid of Racketeering; Count Twenty-Seven: Use of a Firearm During, and in Relationship to a Crime of Violence; Count Thirty-Two: Possession of a Firearm in Furtherance of a Crime of Violence; and Count Thirty-Three: Felon in Possession of a Firearm.  The basis for this motion is predicated on the government's failure to establish at trial a necessary element in each of these charges in addition to the government being unable to prove that the Defendant Eugene Fisher was a member or an associate of  the Seven Mile Bloods, 55 or Hobsquad.

It is beyond dispute that "[a] defendant bears a heavy burden in a sufficiency of the evidence challenge." *United States v. Davis,* 577 F.3d 660 (6th Cir. 2009).  The court must "view

the evidence in the light most favorable to the government and draw all reasonable inferences in the government's favor." *United States v. Gibson*, 675 F2d 825, 829 (6th Cir. 1982). The court then "must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt. *United States v. Curley*, 160 F2d 229, 232-34 (DC Cir. 1947); *Jackson v. Virginia*, 443 US 307, 319 (1979).

A motion for judgment of acquittal must be granted if there is no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt. *United States v. Fawaz*, 881 F2d 259, 261 (6th Cir. 1989). Even under the reduced standard to be applied on a Rule 29 motion, the government did not prove that a RICO Conspiracy (Count One) existed, and even if it did, the government did not prove that Defendant Fisher was a member or associated with the Seven Mile Bloods. Count One also provides for special sentencing enhancements for defendant Fisher that correspond to the VCAR counts that he is individually charged with. For reasons to be argued, those counts should also be dismissed. Without those counts, there is no basis for the special sentencing allegations to remain part of the Sixth Superseding Indictment.

The three cooperating witnesses presented by the government at trial, Anthony Lovejoy, Derrick Kennedy and Matleah Scott, testified under oath that Eugene Fisher was not known to be a member or associate of the Seven Mile Bloods, 55 or Hobsquad.

As to Counts Twenty-Five, Twenty Seven, Thirty-Two and Thirty-Three of the Sixth Superseding Indictment, there was insufficient evidence presented to establish any nexus between the Bushmaster AR-15 seized from Billy Arnold and Steven Arthur on September 26, 2015 and Eugene Fisher on either May 10 2015 or September 26, 2015. In considering a motion for judgment of acquittal under Criminal Rule 29, this Court must determine whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the

elements of the crime beyond a reasonable doubt. United States v. Abner, 35 F.3d 251, 253 (6th Cir. 1994); United States v. Meyer, 359 F.3d 820, 826 (6th Cir. 1979). In order to secure a conviction for felon in possession, the Government must prove that: (1) the defendant had a previous felony conviction; (2) that the defendant knowingly possessed the firearm specified in the indictment, and (3) that the firearm traveled in or affected interstate commerce. United States v. Grubbs, 506 F.3d 434, 439 (6th Cir. 2007). At the center of this dispute is whether the Government established § 922(g)(1)'s element of possession on May 10th and/or September 26th. Defendant argues that the Government failed to prove that Defendant actually, constructively or assisted in the possession of the AR-15 retrieved from Billy Arnold on the dates alleged in Counts Twenty-Five, Twenty Seven and Thirty-Three of the Sixth Superseding Indictment. A reasonable jury could not infer from these facts that Defendant had actual, constructive possession of the retrieved firearm or aided and abetted others in the possession of the AR-15 on May 10, 2015 or September 26, 2015.

For the reasons stated herein, Defendant Eugene Fisher should be granted an acquittal on Counts One, Twenty-Five, Twenty-Seven, Thirty-Two and Thirty-Three of the Sixth Superseding Indictment.

Submitted by:

/s/Henry M. Scharg (P-28804)
Attorney for Defendant
30445 Northwestern Hwy, Suite 225
Farmington Hills, MI 48334
(248) 596-1111
hmsattyatlaw@aol.com

Dated: August 19, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
               Plaintiff,

  -vs-                                   Case No.  15-20652
                                         Hon. George Caram Steeh

EUGENE FISHER
               Defendant
_____.

## CERTIFICATE OF SERVICE

     I hereby certify that on August 19, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

                                                     /s/Henry M. Scharg (P-28804)
                                                   Attorney for Defendant
                                                   30445 Northwestern Hwy, Suite 225
                                                 Farmington Hills, Michigan 48334
                                                 (248) 596-1111
                                                 hmsattyatlaw@aol.com

Dated: August 19, 2018