UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

Case No. 15-20652
HON. GEORGE CARAM STEEH

D3 EUGENE FISHER,
D4 COREY BAILEY,
D6 ROBERT BROWN,
D13 ARLANDIS SHY,
D19 KEITHON PORTER,

        Defendants.
_____/

ORDER DENYING DEFENDANTS' MOTION FOR
A *REMMER* HEARING [ECF NO. 1181, 1183, 1184, 1185, 1186]

    This matter is before the court on defendant Arlandis Shy's motion for a hearing pursuant to *Remmer v. United States*, 347 U.S. 227 (1954). Defendants Eugene Fisher, Corey Bailey, Robert Brown and Keithon Porter joined in the motion. For the reasons stated below, defendants' motion for a *Remmer* hearing is denied.

    On August 21, 2018, after the close of evidence and during the jury's deliberations, a juror sent the following text messages to a member of the Marshal's service:

- "If we think there maybe some conspiracy with in the group how do we voice that without being singled out?"
- "We don't know for sure but it's really bothering some of us."

The Marshal receiving these texts forwarded the messages to his supervisory Marshal. The supervisory Marshal shared the messages with the court and sought permission to inquire of the juror whether he or she was alleging wrongdoing or jury tampering of any kind which would require further investigation. The court approved the supervisory Marshal's request on the condition that he not elicit any information concerning the substance of jury deliberations and that he strictly limit the inquiry to whether the juror was alleging wrongdoing in the nature of jury tampering. The court's law clerk, who had been sworn in as a jury officer, was directed to stand by during the interview of the juror to make sure that the court's restrictions were maintained.

The supervisory Marshal interviewed the juror, asking what was meant when the juror stated there might be a "conspiracy" within the jury. According to the Marshal's field report, the juror stated that some on the jury believed that two of the jurors were conspiring to hold up deliberations, but that there was no indication that anyone outside the jury approached or threatened a member of the jury. The Marshal concluded that the incident

amounted to "jury in-fighting" and that no jury tampering by an outside source had occurred.

The court determined to inform the parties of what occurred when they were next assembled. No trial issues arose the next day or the day after that which required the parties to appear in court. The court therefore called a conference two days after the incident, on August 23, 2018, for the purpose of disclosing the facts outlined above. Some among the defendants' counsel asked that the supervisory Marshal submit a report of the incident, which the court agreed to request. The Marshal authored a report later that day and it was subsequently shared with all counsel. The jury reached its verdict on August 27, 2018.

"When a trial court is presented with evidence that an outside influence has reached the jury which has a reasonable potential for tainting the jury, due process requires that the trial court take steps to determine what the effect of such extraneous information actually was on that jury." *Nevers v. Killinger*, 169 F.3d 352, 373 (6th Cir. 1999). An "extraneous influence on a juror" has been defined by the Sixth Circuit as "one derived from specific knowledge about or a relationship with either the parties or their witnesses." *United States v. Herndon*, 156 F.3d 629, 635 (6th Cir. 1998); *see also Garcia v. Andrews*, 488 F.3d 370, 375 (6th Cir. 2007). In

this case there is simply no evidence of any extraneous influence on any of the jurors.

Defendants argue that the court reached an *ex parte* conclusion that no jury tampering occurred by relying on an investigation performed by an agent for the plaintiff government, without participation by any defense counsel. When the text messages were first brought to the court's attention, the court did not see them as evidence of an extraneous influence on the jury. However, because the juror's concern was raised directly to the Marshal's service, the supervisory Marshal believed it was his duty to investigate the concern as a security issue. To permit the supervisory Marshal to perform his job without invading the sanctity of the jury or violating the defendants' Sixth Amendment right to a fair trial, the court restricted the inquiry to whether the juror was alleging wrongdoing in the nature of jury tampering. After receiving the report of the supervisory Marshal, the court remains of the belief that there is no evidence of an extraneous influence on the jury, much less any concern that the jury may have been tainted. As such, an evidentiary hearing like that described in *Remmer v. United States*, 347 U.S. 227 (1954) is not required here.

For the reasons stated above, defendants' motion for a *Remmer* hearing is DENIED.

IT IS SO ORDERED.

Dated: September 6, 2018

>
> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 6, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk