**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**
       **Plaintiff**

                                Case No. 15- 20652
v.                               Hon. George Caram Steeh

**EUGENE FISHER**
       **Defendant**

**MOTION FOR JUDGMENT OF ACQUITAL**
**AND/OR NEW TRIAL**

NOW COMES the Defendant, Eugene Fisher, by and through his counsel, Henry M. Scharg, and respectfully moves this Honorable Court for a judgment of acquittal, pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure, on the grounds that the evidence is insufficient to sustain a conviction of the firearm violation charged in Count 33 of the Sixth Superseding Indictment. In the event of denial of the Defendant's motion for a judgment of acquittal, Defendant seeks a new trial pursuant to Rule 33(a) of the Federal Rules of Criminal Procedure, for the reasons that the Court erred in denying the Defendant's motion for acquittal made at the conclusion of the Government's case, the verdict is contrary to the weight of the evidence, and that the verdict is not supported by substantial evidence.

                                              Respectfully submitted:

                                              /s/ Henry M. Scharg
                                              Attorney For Defendant Fisher
                                              30445 Northwestern Hwy, Suite 225
                                              Farmington Hills, Michigan 48334
                                              248.596.1111
                                              E-mail: hmsattyatlaw@aol.com

**BRIEF IN SUPPORT OF MOTION OF JUDGMENT OF ACQUITAL
AND/OR FOR A NEW TRIAL**

## I. BACKGROUND

The Defendant, Eugene Fisher stands convicted of Count 33 of the Sixth Superseding Indictment, Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). In order to be found guilty of the crime, the government must prove each and every element of the offense, including that Mr. Fisher "knowingly" possessed a Bushmaster AR-15 .223 caliber rifle on September 26, 2015.

## II. ARGUMENT

The Defendant is before this Court seeking a Judgment of Acquittal, pursuant to Fed.R.Crim.P. 29(C) and/or Motion for a New Trial, pursuant to Fed.R.Crim.P. 33(a). A Rule 33(a) Motion for New Trial involves a "much broader standard of review" than a Motion for Acquittal under Rule 29. Under Rule 33(a), the task of the trial judge is to ascertain whether a verdict is against the great weight of the evidence. Under Rule 29, the judge is limited to a determination as to whether the verdict is substantial enough to permit reasonable jurors to draw "an inference of guilt." A verdict may well be against the great weight of the evidence, but nevertheless, be substantial enough to permit reasonable jurors to draw an inference of guilt. *United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir., 1988), citing *United States v. Turner*, 490 F.Supp. 583, 593 (E.D. Mich., 1979), *affirmed*, 633 F.2d 219 (6th Cir., 1980), *cert denied*, 450 U.S. 912 (1981).

In a Motion for New Trial, pursuant to Rule 33(a) of the Federal Rules of Criminal

2

Procedure, the trial judge can consider the credibility of the witnesses and the weight of the evidence to insure that there is not a miscarriage of justice. "It has often been said that he/she sits as a thirteenth juror." *Ashworth,* supra at 266, *citing*, *Turner,* supra at 593. It is respectfully requested that this Honorable Court do so.

### A. The Government's Proof was Insufficient To Prove Fisher's Guilt Beyond a Reasonable Doubt

As to Count 33 of the Sixth Superseding Indictment, there was insufficient evidence presented to establish any nexus between the Bushmaster AR-15 seized from Billy Arnold on September 26, 2015 and Eugene Fisher. In considering a motion for judgment of acquittal under Criminal Rule 29, this Court must determine whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the elements of the crime beyond a reasonable doubt. *United States v. Abner*, 35 F.3d 251, 253 (6th Cir. 1994); *United States v. Meyer*, 359 F.3d 820, 826 (6th Cir. 1979).

In order to secure a conviction for felon in possession, the Government must prove that: (1) the defendant had a previous felony conviction; (2) that the defendant knowingly possessed the firearm specified in the indictment, and (3) that the firearm traveled in or affected interstate commerce. *United States v. Grubbs*, 506 F.3d 434, 439 (6th Cir. 2007). At the center of this dispute is whether the Government established § 922(g)(1)'s element of possession on September 26, 2015.

Mr. Fisher argues that the government failed to prove that he actually, constructively or assisted in the possession of the Bushmaster AR-15 .223 caliber rifle recovered from Billy Arnold's vehicle on September 26, 2015. A Facebook post on October 2, 2015, with caption

"The Feds just took my ar that my bro holding" (Gov't Exhibit 44) was insufficient to prove the necessary element of possession, especially after Agent Ruiz's testimony that the Bushmaster AR-15 rifle "actually may have belonged to someone else." (Jury Trial - 8/3/2018, p.32). A reasonable jury could not infer from these facts that Defendant had actual, constructive possession, or aided and abetted others in the possession of the Bushmaster AR-15 rifle on September 26, 2015. Even viewing the government's evidence in the light most favorable to the government, together with all legitimate inferences to be drawn there from, the government has substantially failed to meet its burden in the instant case. *See United States v. Smith*, 680 F.2d 255, 259 (1st Cir. 1982).

### III. CONCLUSION

For the above mentioned reasons, it is believed that the Defendant, Eugene Fisher, is entitled to a dismissal and/or, in the alternative, a new trial on Count 33 of the Sixth Superseding Indictment.

Respectfully submitted:

/s/ Henry M. Scharg
Henry M. Scharg
Attorney for Defendant Fisher
30445 Northwestern Hwy, Suite 225
Farmington Hills, Michigan 48334
(248) 596.1111
E-mail: hmsattyatlaw@aol.com

Dated: September 9, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
            Plaintiff,

-vs-                                    Case No. 15- 20652
                                         Hon. George Carem Steeh

EUGENE FISHER
                    Defendant
_____.

CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

                                                Respectfully Submitted:

                                                /s/ Henry M. Scharg (P28804)
                                                Attorney for Defendant Fisher
                                                30445 Northwestern Hwy, Suite 225
                                                Farmington Hills, Michigan 48334
                                                Phone; (248) 596-1111
                                                E-mail: hmsattyatlaw@aol.com