UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

    Case No. 15-20652
    HON. GEORGE CARAM STEEH

D3 EUGENE FISHER,

    Defendant.

_____/

OPINION AND ORDER DENYING DEFENDANT'S MOTION
FOR NEW TRIAL AND JUDGMENT OF ACQUITTAL [ECF NO. 1191]

From June 5 to August 27, 2018, defendant Eugene Fisher was tried by a jury in this court along with co-defendants Robert Brown, Corey Bailey, Keithon Porter and Arlandis Shy. On August 27, 2018, the jury convicted Fisher on Counts Thirty-Three and Thirty-Four, both for felon in possession of a firearm, and found him not guilty on the remaining counts. On September 9, 2018, Fisher filed a consolidated motion for new trial pursuant to Federal Rule of Criminal Procedure 33 and judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. Fisher challenges the sufficiency of the evidence used to convict him of Count Thirty-Three for possessing the Bushmaster AR-15 .223 caliber assault rifle

("Bushmaster AR"). For the reasons stated below, defendant's motion is DENIED.

## I. Legal Standard

### A. Rule 29 Motion for Judgment of Acquittal

"In reviewing a claim of insufficient evidence, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Salgado*, 250 F.3d 4338, 446 (6th Cir. 2001) (emphasis in original) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)). The Government "must present substantial evidence as to each element of the offense." *Brown v. Davis*, 752 F.2d 1142, 1145 (6th Cir. 1985) (internal citations omitted). "Substantial evidence is more than a scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion. It is evidence affording a substantial basis of fact from which the fact in issue can be reasonably inferred." *United States v. Martin*, 375 F.2d 956, 957 (6th Cir. 1967). "The government may meet its burden through circumstantial evidence alone, and such evidence need not exclude every possible hypothesis except that of guilt." *Salgado*, 250 F.3d at 446 (citing

*United States v. Jackson,* 55 F.3d 1219, 1225 (6th Cir. 1995)). The court must "draw all available inferences and resolve all issues of credibility in favor of the jury's verdict." *United States v. Maliszewski,* 161 F.3d 992, 1006 (6th Cir.1998).

**B. Rule 33 Motion for New Trial**

A court may vacate any judgment and grant a new trial "if the interest of justice so requires." Court have granted a new trial where "(i) the jury verdict was against the manifest weight of the evidence or (ii) substantial legal errors or omissions occurred." *United States v. Munoz*, 605 F.3d 359, 373-74 (6th Cir. 2010). The standard of review is broader under Rule 33 than it is for a motion for acquittal under Rule 29. That is, a verdict may be against the great weight of the evidence to support a new trial, but still be substantial enough to permit reasonable jurors to draw an inference of guilt. *United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir. 1988) (citing *United States v. Turner*, 490 F.Supp. 583, 593 (E.D. Mich. 1979)).

## II. Discussion

Defendant Fisher argues that the government failed to prove he possessed the Bushmaster AR seized from co-defendant Billy Arnold's vehicle on September 26, 2015. A jury can convict a defendant for having actual or constructive possession of a firearm. To have actual possession,

the defendant must have "immediate possession or control" of the firearm. *United States v. Grubbs*, 506 F.3d 434, 439 (6th Cir. 2007) (citation omitted). "Constructive possession exists when a person does not have possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." *Id*.

Fisher argues that the private Facebook message he sent to "Love Honey" on October 2, 2015 was insufficient to prove the element of possession, especially because Agent Ruiz testified that the Bushmaster AR seen in the photo "actually may have belonged to someone else." (Trial Tr. 8/3/2018, at p. 32) The photograph attached to the Facebook message shows Fisher with a male who is holding an assault rifle. Fisher's comment attached to the photo states, "The Feds just took my ar that my bro holding". Fisher thus identifies the firearm in the photo as *his* AR, and comments that it had recently been taken by law enforcement.

The government presented evidence at trial that on the evening of September 25, 2015, one week before the Facebook message was sent, Fisher and Billy Arnold engaged in a text message conversation. Arnold told Fisher he needed to "get in yo crib and grab my hook ups" and Fisher responded that he was at the Crazy Horse strip club. (Ex. 20 admitted at

trial 7/11/2018) Law enforcement was conducting surveillance at the Crazy Horse that night and ended up stopping and searching a vehicle driven by co-defendant Steve Arthur and in which Billy Arnold was a passenger. Law enforcement recovered the Bushmaster AR from the vehicle. (Trial Tr. 7/30/2018, at pp. 33-38, 44-45)

The following day, Fisher posted a message on Facebook stating, "I almost lost two year's out my life this weekend! God is []! FREE MY SQUAD!" (Ex. 44 admitted at trial 6/20/2018) There was testimony at trial that the penalty in Michigan for being a felon in possession of a firearm is two years imprisonment. (Trial Tr. 8/2/2018, at p. 76)

The September 25, 2015 text exchange in which Arnold indicated he needed to go to Fisher's house to get his "hook ups" is substantial evidence that Fisher had constructive possession of the Bushmaster AR prior to Arnold retrieving it as Fisher had "dominion" over his house where the Bushmaster AR was located. When this evidence is considered in the context of the arrest of Arnold and Arthur with the Bushmaster AR and Fisher's Facebook posts, the court concludes there is substantial evidence from which a rational trier of fact could find that Fisher possessed the Bushmaster AR. The evidence presented at trial supports the jury's verdict of guilty on Count Thirty-Three. The court further concludes the verdict is

not against the manifest weight of the evidence for purposes of granting a new trial pursuant to Rule 33.

### III. Conclusion

For the reasons stated above, defendant Fisher's motion for judgment of acquittal and/or for new trial is DENIED.

IT IS SO ORDERED.

Dated: December 19, 2018

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 19, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk