UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

EUGENE FISHER, D-3,

    Defendant.
_____/

Case No. 15-20652-3

Hon. George Caram Steeh

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE [ECF NO. 1717]

Defendant Eugene Fisher seeks compassionate release due to medical conditions which include obesity, sleep apnea, asthma and pre-diabetes. For the reasons explained below, the Court denies his motion.

Fisher was indicted as part of a multi-defendant RICO conspiracy case involving the Seven Mile Bloods street gang. Fisher's alleged role in the conspiracy was that of a close associate who allowed gang members to store firearms at his house. Following a jury trial, Fisher was convicted of two counts of felon in possession and was found not guilty of RICO conspiracy and all the assaultive crimes with which he was charged.

Fisher is 40 years old and has been in custody in this case since January 5, 2019. On that date the Court revoked Fisher's bond for testing

positive for drugs in violation of his pretrial release conditions. He is serving a 90-month sentence and has a projected release date of July 18, 2025. Fisher is housed at Gilmer FCI, where he has been disciplined twice – for fighting and for possessing drugs. Gilmer houses 1498 inmates. Currently, there are no inmates and only one staff member who is reported positive for COVID-19. https://www.bop.gov/coronavirus/. The Bureau of Prisons ("BOP") is in the process of offering vaccines to staff and inmates. At Gilmer, 140 staff and 942 inmates have been fully vaccinated. *Id*.

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The statute provides for a limited exception, known as "compassionate release," which is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. Prior to the effective date of the First Step Act, only the Bureau of Prisons could move for compassionate release, upon a finding that extraordinary and compelling reasons supported a sentence reduction. The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to permit a defendant to seek compassionate release on his own behalf. This section now allows for judicial modification of an imposed term of imprisonment when: (1) the defendant has first exhausted all administrative remedies with the BOP or at least allowed the BOP 30 days to act on his request before seeking

compassionate release on his own motion; (2) extraordinary and compelling reasons warrant such a reduction, consistent with the "applicable policy statements issued by the Sentencing Commission"; and (3) the relevant sentencing factors listed in 18 U.S.C. § 3553(a) have been considered. 18 U.S.C. § 3582(c)(1)(A)(i).

I.   Exhaustion of Administrative Remedies

A defendant is allowed to file a motion for compassionate release after he has "fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion. . ." or "30 days after the date the warden received a request for compassionate release." 18 U.S.C. § 3582(c)(1)(A). Fisher submitted a request for compassionate release to the warden on October 27, 2020.  The request was based on the following medical conditions: obesity, asthma, sleep apnea, and borderline diabetes.  The warden denied the request on November 6, 2020.  Fisher's counsel sent another request to the warden on January 23, 2021.  More than 30 days have passed without a response to the second request.  Fisher has exhausted his administrative remedies.[1]

---

[1] The Court previously denied a motion for appointment of counsel for the purpose of filing a motion for compassionate release because Fisher had not exhausted his administrative remedies.   ECF No. 1683, PageID.23127.

II.     Extraordinary and Compelling Reason

Fisher argues that he should be released because he has multiple medical conditions which make him more vulnerable if he should contract COVID-19.  The Sixth Circuit has held that when an inmate directly brings a motion for compassionate release, policy statement U.S.S.G. § 1B1.13, which applies only to motions brought by the Director of the BOP, need not be considered by the court.  *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021); *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020) (citation omitted).  Therefore, "district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Elias*, 984 F.3d at 519–20.

The CDC has identified certain medical conditions that place individuals at increased risk for severe illness from COVID-19.  Fisher is obese and, according to the CDC, the risk of severe COVID-19 illness increases sharply with elevated BMI.  https://www.CDC.gov.  In addition, Fisher's medical records show that he has been treated for asthma throughout his incarceration.  Moderate to severe asthma is a condition that can put an individual at an increased risk of illness if they contract COVID-19. *Id*. Although diabetes is identified as a condition raising an individual's risk of severe illness from COVID-19, Fisher has pre-diabetes which is not

a recognized risk factor.  Similarly, sleep apnea is not identified as a specific risk factor by the CDC.

Fisher would be at heightened risk of serious illness if he were to contract COVID-19 because of his obesity and possibly due to his other medical conditions alone or in combination.  However, Fisher received one of the vaccines approved by the FDA for emergency use against COVID-19 some time prior to the filing of his motion for compassionate release.  The available vaccines have been shown to be over 90% effective against severe disease.  Of course, it is not known how long the vaccines will provide protection, and there is no guarantee that some people will not contract COVID-19 despite being inoculated.  Nevertheless, the prevailing view is that "absent some shift in the scientific consensus, [Fisher's] vaccination against COVID-19 precludes the argument that his susceptibility to the disease is "extraordinary and compelling" for purposes of § 3582(c)(1)(A).  *United States v. Smith*, No. 17-CR-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021).  The Court agrees with the view that notwithstanding Fisher's risk factors, the fact that he has been vaccinated means there is not an extraordinary and compelling reason for his release.  Should the science change dramatically such that the

vaccines prove less efficacious than studies to date suggest, Fisher may always file another motion for compassionate release.

III.     Section 3553(a) Sentencing Factors

The Court concludes that Fisher has not presented an extraordinary and compelling reason for release.  The Sixth Circuit has stated that "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519.  Therefore, the Court does not address the relevant sentencing factors listed in § 3553(a).

For the reasons stated above, IT IS HEREBY ORDERED that Fisher's motion (ECF No. 1717) is DENIED.

Dated:  May 14, 2021

>                    s/George Caram Steeh
>                    GEORGE CARAM STEEH
>                    UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 14, 2021, by electronic and/or ordinary mail.

s/Leanne Hosking
Deputy Clerk

---