UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

EUGENE FISHER, D-3,

    Defendant.
_____/

Case No. 15-20652-3

HON. GEORGE CARAM STEEH

ORDER DENYING DEFENDANT'S MOTION TO VACATE
SENTENCE PURSUANT TO 28 U.S.C. § 2255 (ECF No. 1732)

This matter comes before the Court on defendant Eugene Fisher's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 (ECF No. 1732). The basis of the motion is that Fisher's trial counsel and appellate counsel were ineffective. For the reasons set forth below, defendant's motion is DENIED.

PROCEDURAL BACKGROUND

Fisher was indicted as part of a multi-defendant RICO conspiracy case involving the Seven Mile Bloods street gang. Fisher's alleged role in the conspiracy was that of a close associate who allowed gang members to store firearms at his house. The government charged Fisher with RICO conspiracy, attempted murder in aid of racketeering, use and carry of a

firearm in relation to a crime of violence, possession of a firearm in furtherance of a crime of violence, felon-in-possession of a firearm (Count 33) and felon-in-possession of a firearm or ammunition (Count 34).

Fisher's trial counsel filed several pre-trial motions, including seeking a *Franks* hearing and suppression of a firearm, ammunition, and electronic devices recovered at Fisher's home during the execution of a search warrant. (ECF No. 439; ECF No. 883). Fisher's counsel also moved to preclude the government from presenting rap videos and lyrics at trial (ECF No. 670), and sought a severance from the other defendants for purposes of trial (ECF No. 1046). The Court denied each motion and Fisher ultimately proceeded to trial with four of his co-defendants. A jury convicted Fisher of the felon-in-possession counts (Counts 33 and 34) and acquitted him of the remaining counts. Fisher appealed and the Sixth Circuit affirmed his conviction and sentence. *See, United States v. Fisher*, 824 Fed.Appx. 347 (6th Cir. 2020).

## FACTUAL BACKGROUND

The following statement of relevant facts is an edited version taken from the government's responsive pleading:

> On September 25, 2015, the Federal Bureau of Investigation (FBI) and several other law enforcement agencies were surveilling the Crazy Horse strip club because they had information that SMB members were having a party at the club.

- 2 -

> Fisher was at the party and while he was there, he engaged in a text message conversation with SMB leader Billy Arnold, who let Fisher know that he was going to go to Fisher's "crib" to grab his "hook ups". At some point after midnight, Arnold and SMB member Steve Arthur, left the club and drove away in a vehicle. Officers attempted to stop Arnold and Arthur and a high-speed chase ensued. Eventually the vehicle stopped, and Arnold and Arthur were arrested. Upon searching the vehicle, officers recovered an AR-15 .223 Bushmaster rifle ("Bushmaster"), which was the firearm that formed the basis for one of Fisher's convictions. *Fisher*, 824 Fed.Appx. at 350.
>
> . . . . On October 2, 2015, Fisher posted a message on Facebook to "Love Honey" stating, "[t]he Feds just took my ar that my bro holding." Included with the message was [a] photograph showing Fisher at a table holding an "AK style rifle" and another person holding what appears to be an AR-15 rifle (the Bushmaster).
>
> On November 3, 2015, law enforcement obtained a search warrant for Fisher's residence. On November 12, 2015, agents executed the search warrant and found the following items inside Fisher's residence:
>
> - Loaded .45 caliber Ruger semi-automatic handgun.
> - Extended .45 caliber magazine.
> - 57 rounds of .357 caliber ammunition.
> - 21 rounds of .45 caliber ammunition.
> - 12 rounds of .38 caliber ammunition.
> - 14 rounds of .40 caliber ammunition.
> - 30 rounds of 7.62×39 ammunition.
> - One trigger assembly.

ECF No. 1749, PageID.23758 – 23760 (edited, citations to record and Facebook photograph omitted).

## STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" based on a claim that "the sentence was imposed in violation of the Constitution." 28 U.S.C. § 2255(a). To obtain relief, the petitioner must show there was "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *United States v. Doyle*, 631 F.3d 815, 817 (6th Cir. 2011) (internal quotation marks and citation omitted).

To present an ineffective assistance of counsel claim under 28 U.S.C. § 2255, defendant must show that (1) his attorney's performance was objectively unreasonable and (2) this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In determining whether defense counsel's performance was objectively unreasonable, "a court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. In addition, the petitioner must show prejudice, which requires "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

To satisfy the prejudice requirement in the context of a trial, a defendant must "demonstrate a reasonable probability that the result of his trial would have been different but for" his trial counsel's mistakes. *Bigelow v. Williams*, 367 F.3d 562, 570 (6th Cir. 2004). To satisfy the prejudice prong "in the context of ineffective assistance of appellate counsel, a defendant must show a reasonable probability that, but for his counsel's defective performance, he would have prevailed on appeal." *Mapes v. Tate*, 388 F.3d 187, 194 (6th Cir. 2004).

## ARGUMENT

I.    Trial Counsel

    A.    Stipulation that Fisher was a Convicted Felon

At the conclusion of the evidence phase of trial, Fisher and the government entered into a stipulation that prior to September 26, 2015, Fisher had been convicted of at least one felony, that he knew he had been convicted of a felony, and that his conviction had not been expunged nor had his right to possess a firearm been restored. The government and Fisher also stipulated that the firearm and/or ammunition traveled in interstate commerce prior to the alleged possession. Fisher now argues that his trial counsel was ineffective for stipulating that Fisher knew he had previously been convicted of a crime punishable by imprisonment for more

than one year, and that were it not for the stipulation he would have been acquitted on Counts 33 and 34 "since the jurors found the witnesses against him to be not credible." (ECF No. 1732, PageID.23659).

To convict Fisher on Counts 33 and 34, the government needed to prove three elements beyond a reasonable doubt: (1) that Fisher knew he had a prior felony conviction for a crime punishable by imprisonment for a term exceeding one year; (2) that Fisher thereafter knowingly possessed the firearm and ammunition specified in the indictment; and (3) that the possession was in or affecting interstate commerce. *United States v. Simpson*, 845 Fed.Appx. 403, 411 (6th Cir 2021); citing *United States v. Davis*, 577 F.3d 660, 671 (6th Cir. 2009). Fisher stipulated to the first and third elements, but the government still had to prove beyond a reasonable doubt that Fisher knowingly possessed the firearm and ammunition. Because the jury found Fisher guilty of Counts 33 and 34, the jurors must have found the evidence offered to establish possession to be credible.

Trial counsel often stipulate that defendants charged with felon-in-possession offenses knew they had prior felony convictions. A common reason for such stipulations is to prevent the jury from hearing the details of the prior felony convictions. The Sixth Circuit has held that a stipulation by trial counsel to a defendant's prior convictions in the face of overwhelming

evidence is not unreasonable or ineffective. *Stamps v. Rees*, 834 F.2d 1269, 1276 (6th Cir. 1987). In this case, had Fisher not agreed to the stipulation, the government would have been able to present testimony and admit evidence of Fisher's two prior convictions and sentences for possession of cocaine.

The Court will not second-guess counsel's reasons for stipulating to an incontrovertible fact. Furthermore, Fisher cannot demonstrate prejudice. Had Fisher not entered the stipulation, the government would have presented evidence including transcripts of Fisher's previous guilty pleas, sentencing transcripts and certified court records demonstrating that he had been previously convicted of two felonies. This evidence was shared with Fisher's counsel during discovery and was sufficient to prove element one beyond a reasonable doubt. Fisher cannot demonstrate that the result of his trial would have been different had he not agreed to the stipulation.

B.   Failure to Move for Dismissal of Count 33

Fisher next argues that his trial counsel was ineffective because he failed to seek dismissal of Count 33, which involved constructive possession of the AR-17 Bushmaster. Fisher claims trial counsel should have moved to dismiss Count 33 because (1) the only evidence to support his conviction on Count 33 was his own alleged statements, and (2) the

law does not allow a defendant to be convicted based solely on his uncorroborated statements.

The statements Fisher refers to are his text and Facebook messages. To show that Fisher was in constructive possession of the Bushmaster, the government introduced text messages between Fisher and Arnold from September 25, 2015, indicating that Arnold had gone to Fisher's house prior to the party at the Crazy Horse to "grab [his] hook ups." In affirming Fisher's convictions, the Sixth Circuit recognized that "[w]hen the police stopped ... Arnold and recovered the Bushmaster from the vehicle, the jury could infer that the Bushmaster was the weapon picked up from Fisher's residence earlier that evening. The short period between the text messages sent around 11 P.M. and seizure of the Bushmaster at 2 A.M. permits this reasonable interference." *Fisher*, 824 Fed.Appx. at 356.

The other statement introduced by the government was the Facebook message from Fisher to "Love Honey" that "The Feds just took my ar that my bro holding." This message was accompanied by a "photograph of a person that looks like Fisher holding an automatic rifle and a second person holding what looks like an AR-15." *Fisher*, 824 Fed.Appx. at 357. The photograph supports a finding that Fisher was in

constructive possession of the Bushmaster recovered during Arnold's arrest.

Fisher relies on *Opper v. United States*, 348 U.S. 84 (1954) for the proposition that he cannot be convicted solely based on his own uncorroborated statements. The Supreme Court held that a defendant cannot be convicted of a crime based on the defendant's out-of-court statements made to law enforcement subsequent to the commission of a crime unless the government introduces sufficient corroborating evidence that establishes the trustworthiness of the statements. *Id*. at 92-93.

As a preliminary matter, to determine whether a statement is trustworthy for admission as a statement against interest, Federal Rule of Evidence 804(b)(3) requires that there be "corroborating circumstances which clearly indicate the trustworthiness of the statement itself." *United States v. Franklin*, 415 F.3d 537, 547 (6th Cir. 2005) (citing *United States v. Price*, 134 F.3d 340, 348 (6th Cir. 1998). In this case, the text messages between Fisher and Arnold were made in the context of a transaction taking place between friends as opposed to statements made to law enforcement. The circumstances surrounding the text messages indicate trustworthiness where Fisher had no incentive to lie or shift blame in responding to Arnold's statement that he was going to go to Fisher's "crib"

to grab his "hook ups". Fisher's Facebook message to Love Honey is also a private statement made to a friend, which does not raise the type of concerns that exist when a statement is made to law enforcement.

Here, the government introduced corroborating evidence, including photographs and videos showing Fisher in constructive possession of the Bushmaster, in addition to the statements discussed above. This is not a case where Fisher was convicted of Count 33 solely based on his own uncorroborated statements. Given the submission of corroborating evidence, Fisher's trial counsel was not objectively unreasonable in failing to move for dismissal of Count 33.

### C. Failure to Argue for Suppression of Evidence

This leads to the next argument made by Fisher, that trial counsel was ineffective because he did not "challenge the admission of video evidence and photographs" relied on by the government to establish Fisher's "nexus to the subject firearms." Fisher does not identify which videos and photographs should have been challenged, but more importantly he does not provide any basis for such a challenge, nor does he identify any authority that would have supported a challenge to these items. "Conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255." *Jefferson v. United*

*States*, 730 F.3d 537, 547 (6th Cir. 2013). Fisher therefore cannot prevail on this claim.

II.  Appellate Counsel

    A.  Failure to Argue Fisher Entitled to Separate Trial

Following jury selection, trial counsel moved for Fisher to have a separate trial from his co-defendants. The Court denied this motion. Fisher now argues that his appellate counsel was ineffective because he did not include the issue of severance among the issues he argued on appeal. The Supreme Court has held that "appellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000) (citing *Jones v. Barnes*, 463 U.S. 745 (1983)). In order to demonstrate that appellate counsel was incompetent for failing to raise a claim, defendant must show "that a particular nonfrivolous issue was clearly stronger than issues that counsel did present." *Id*. Of course, defendant must still satisfy *Strickland's* prejudice prong as well.

"There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United* States, 506 U.S. 534, 537 (1993); *see also* Fed. R. Crim. P. 8(b). Fisher and his co-

defendants were charged with RICO conspiracy, making the same evidence admissible against all of them. The Sixth Circuit has held that "a defendant is not entitled to severance because the proof is greater against a co-defendant." *United States v. Gardiner*, 463 F.3d445, 473 (6th Cir.2006).

On appeal, counsel raised four issues: that the Court erred in denying the motion for a *Franks* hearing; that the convictions on Counts 33 and 34 should be vacated; that there was insufficient evidence presented to convict on Count 33; and that the Court erred in imposing sentence enhancements for obstruction of justice and for possession of three or more firearms. Given the strong preference for trying co-defendants together, the severance issue was not "clearly stronger" than the issues raised on appeal.

Furthermore, Fisher has not demonstrated he would have prevailed on appeal had the issue of severance been raised. A district court's denial of a motion to sever is reviewed under an abuse-of-discretion standard. *United States v. Cody*, 498 F.3d. 582, 586 (6th Cir. 2007). Fisher's argument that he was denied a fair trial because the RICO charges dominated does not lead to a finding of abuse of discretion by this Court in denying the motion for separate trials. In fact, the jury proved it was

capable of making a reliable, individualized judgment about Fisher's guilt or innocence because it found him not guilty of the RICO count.

Fisher has not shown that appellate counsel was ineffective by not raising the severance issue on appeal. Nor has Fisher shown he would have prevailed if the severance issue had been raised

B.  Failure to Challenge that 922(g) Counts were Structural Error

In a case decided after Fisher's trial, the Supreme Court clarified the *mens rea* requirement for firearm possession offenses under 18 U.S.C. § 922(g)(1). *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In *Rehaif*, the Court held that in felon-in-possession of firearm cases, the government must not only prove that the defendant knowingly possessed a firearm, but also that the defendant knew he was a convicted felon when he possessed the firearm. Fisher's final argument relates to the fact that his jury was not instructed that he had to know he was a convicted felon when he possessed the firearms that formed the basis for Counts 33 and 34. Fisher contends that the Court's failure to so instruct the jury was a "structural error" that should have been raised in his appeal.

A "structural error" is an error that affects the entire conduct of the proceedings from beginning to end." *Arizona v. Fulminante*, 499 U.S. 279, 306 (1991). Fisher relies on *United States v. Gary*, 954 F.3d 194 (4th Cir.

2020), where the Fourth Circuit found that failure to advise a defendant prior to his guilty plea that an element of the felon-in-possession offense was that defendant knew he was a convicted felon was structural error. As a result, the Fourth Circuit vacated the defendant's guilty plea and conviction. However, the Supreme Court reversed, holding that "a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Greer v. United States*, 141 S. Ct. 2090, 2100 (2021).

Appellate counsel most likely did not make a structural error argument on Fisher's behalf for the simple reason that Fisher stipulated at trial he had been convicted of at least one felony and he knew he had been convicted of a felony. *See id*. at 2097 ("In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon.") While it is possible for a defendant to demonstrate he did not know he was a felon when he possessed firearms, Fisher has not represented that to be the case here.

CONCLUSION

Now therefore, for the reasons stated above,

IT IS HEREBY ORDERED that defendant's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 is DENIED.

The court declines to issue a certificate of appealability because defendant has not "made a substantial showing of the denial of a constitutional right," for the reasons stated above.  See 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22.

Dated:  August 5, 2021

                                      s/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 5, 2021, by electronic and/or ordinary mail and also on Eugene Fisher #51651-039, FCI Gilmer, Federal Correctional Institution, P.O. Box 6000, Glenville, WV  26351.

s/Brianna Sauve
Deputy Clerk